**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO F. GUILLERMO and LILLIAN S. CORTES,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CALIBER HOME LOANS, INC., and JPMORGAN CHASE BANK,<br><br>　　　　Defendants. | No. C 14-04212 JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS SECOND AMENDED COMPLAINT AND SETTING CASE MANAGEMENT CONFERENCE** |

Now before the Court are the motions to dismiss filed by Defendants JPMorgan Chase Bank, N.A. ("Chase") and Caliber Home Loans, Inc ("Caliber") (collectively, "Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motions suitable for disposition without oral argument.[1] *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for July 31, 2015, and it HEREBY GRANTS, IN PART, AND DENIES, IN PART, Defendants' motions to dismiss.

**BACKGROUND**

The Court set forth many of the relevant facts in its Order granting, in part, and denying, in part, Defendants' motions to dismiss Plaintiffs' First Amended Complaint. (*See* Docket No 41, Order Granting, in Part, and Denying, in Part, Motions to Dismiss, dated March 23, 2015 ("March 23 Order".) In brief, Plaintiffs, Gilberto F. Guillermo ("Guillermo") and Lillian S.

---

[1] The footnotes in Plaintiffs' opposition briefs do not comply with Northern District Local Rule 3-4(c)(2). The Court HEREBY ADVISES all parties that, going forward, the Court shall strike any brief that fails to comply with the Northern District Civil Local Rules or this Court's standing orders without further notice.

Cortes ("Cortes") (collectively, "Plaintiffs"), own a home located at 3635 Cesar Chavez, San Francisco, California. (Second Amended Complaint ("SAC") ¶¶ 1, 13.) In about May 2012, Cortes lost her job, and Plaintiffs could not make a timely mortgage payment. (*Id.* ¶ 14.) Plaintiffs allege that "on or around September 2012," they entered into a forbearance agreement with Chase, and in March 2013, applied for a loan modification, which Chase denied. (*Id.* ¶¶ 15-16.)

Chase recorded a notice of default on September 9, 2013. In January 2014, Plaintiffs notified Chase that Cortes had found employment. Plaintiffs allege that, in January 2014, they spoke with Chase representative Merrie Woodworth, who instructed them to "resume their loan modification application and to hold off on making loan payments." (*Id.* ¶¶ 18-19.) Plaintiffs allege they submitted a complete application for a loan modification to Chase. On April 16, 2014, Chase notified them that, on May 1, 2014, Caliber would begin to service their loan. (*Id.* ¶¶ 20-27.)

On May 1, 2014, Caliber began to service Plaintiffs' loan. Plaintiffs allege that, on May 12, 2014, "Caliber sent a letter to Plaintiffs informing them that Mr. Edgar Correa had been assigned as their [single point of contact - "SPOC"]. A SPOC must be assigned to a borrower that has submitted a loan modification application. Thus, on information and belief, Caliber was aware that Plaintiffs had a pending loan modification with Chase[.]" (*Id.* ¶ 31.) Plaintiffs also allege that Caliber recorded a Notice of Trustee Sale, while their loan modification application with Chase was pending. (*Id.* ¶ 32.) Plaintiffs also allege that they continued to try and obtain a loan modification from Caliber. According to Plaintiffs, Caliber has not yet made a decision on their application. (*Id.* ¶¶ 31-47.) It is undisputed that Plaintiffs home has not been sold. (*Id.* ¶ 32.)

In their SAC, Plaintiffs assert six claims for relief: (1) violations of 15 U.S.C. section 1691(d)(1) of the Equal Credit Opportunity Act ("ECOA") and 12 C.F.R. section 202.9(c) ("the ECOA claim"); (2) violation of California Civil Code section 2923.6 ("Section 2923.6"); (3) violation of the Real Estate Settlement Procedures Act ("RESPA"), and 12 C.F.R. 1024.38(b) and 1024.41; (4) violation of California Civil Code section 2923.7 ("Section 2923.7"); (5)

2

1 negligence; and (6) violations of California's Unfair Competition Law, California Business and
2 Professions Code sections 17200, *et seq.* ("the UCL Claim"). Chase moves to dismiss the third,
3 fifth and sixth claims for relief, and Caliber moves to dismiss the second, third, fifth and sixth
4 claims for relief.

The Court will address additional specific facts as necessary in its analysis.

## ANALYSIS

**A.      Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).[2] Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be

---

[2]      Each of the Defendants has submitted a request for judicial notice ("RJN"), to which they attach documents pertaining to Plaintiffs' loan and documents from the record in this case. (*See* Docket Nos. 52, 54.) The Court did not rely on the documents relating to Plaintiffs' loan to resolve the motion. The Court therefore DENIES as moot the requests to take judicial notice of Exhibits 1-4 to Chase's RJN notice and Exhibits A-D of Caliber's RJN. The Court also DENIES as moot Caliber's requests to take judicial notice of Exhibits E and F, which are, respectively the Court's March 23 Order and Plaintiff's FAC. Those documents already are part of the record in this case.

3

futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.       Second Claim for Relief: Violation of Section 2923.6.**

In their second claim for relief, Plaintiffs allege Caliber violated Section 2923.6, which was enacted as part of California's Homeowners Bill of Rights ("HBOR"). Section 2923.6 is designed to eliminate the practice commonly known as dual tracking, and it prohibits a financial institution from pursuing foreclosure while it evaluates a borrower's loan modification application. *See* Cal. Civ. Code §§ 2923.6(c), (h); *Jolley v. Chase Home Finance, LLC*, 213 Cal. App. 4th 872, 904 (2013).

Plaintiffs allege Caliber engaged in dual tracking, because it continued to foreclose on Plaintiffs' home while it simultaneously considered Plaintiffs' application for a loan modification. The Court previously granted Caliber's motion to dismiss this claim, because: (1) Plaintiffs did not allege facts to show that Caliber had received Plaintiffs' completed loan modification application from Chase; and (2) Plaintiffs did not allege any facts to show that Caliber continued to foreclose on Plaintiffs' home while it simultaneously considered Plaintiffs' application for a loan modification.

In the SAC, Plaintiffs allege that, on May 12, 2014, they received a letter from Caliber stating that Edgar Correa had been assigned as their SPOC. (SAC ¶ 31.) Plaintiffs further allege that, because an SPOC must be assigned to a borrower who has submitted a completed loan application, Caliber must have been aware of their pending application. (*Id.*) Plaintiffs also argue that, based on the plain language of Section 2923.6, Caliber's knowledge was irrelevant. Rather, Plaintiffs argue that once they submitted the application to Chase, Caliber was prohibited from filing a Notice of Trustee Sale whether or not it knew of their application. Construing the facts alleged in the SAC in the light most favorable to Plaintiffs, and considering the text and purpose of Section 2923.6, the Court finds that Plaintiffs state sufficient facts to support a claim for dual tracking in violation of Section 2923.6 against Caliber.

Accordingly, the Court DENIES Caliber's motion to dismiss this claim for relief.

**C.     Third Claim for Relief: RESPA**

In their third claim for relief, Plaintiffs allege that Defendants violated RESPA.  In order to state a claim under RESPA, a plaintiff must allege facts showing a defendant violated a provision of RESPA and that the plaintiff suffered "actual damages . . . as a result" of the defendant's failure to comply with that provision.  12 U.S.C. § 2605(f); *see also Rosenfeld v. JPMorgan Chase Bank*, 732 F. Supp. 2d 952, 967 (N.D. Cal. 2010).  Defendants argue that Plaintiffs fail to allege facts showing that they breached any provision of RESPA and fail to allege actual damages.  The Court addresses each argument in turn.

**1.     There Are Sufficient Facts to Show Chase Violated a Provision of RESPA.**

Plaintiffs allege that Chase failed to evaluate and make a determination about their completed loan modification application within thirty days, in violation of 12 C.F.R. section 1042(c)(1).  (SAC ¶¶ 73-74.)  In large part, Plaintiffs' RESPA claim mirrors their ECOA, and the Court has concluded Plaintiffs alleged sufficient facts to state a claim under the ECOA.  (*See* March 23 Order at 14:9-15:28.)  Plaintiffs allege that they "submitted a complete loan modification to Chase" on or about January 24, 2014, and that they "received written confirmation of receipt of Plaintiffs' loan modification from Chase" on January 25, 2014.  "A complete loss mitigation application means an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigation options available to the borrower." 12 C.F.R. § 1024.41(b)(1).

Upon receipt of an application, a servicer must "[n]otify the borrower in writing within 5 days . . . after receiving the loss mitigation application that the servicer acknowledges receipt of the loss mitigation application and that the servicer has determined that the loss mitigation application is either complete or incomplete."  12 C.F.R. § 1024.41(b)(2)(i)(B).  If the loss mitigation application is incomplete, the notice "shall state the additional documents and information the borrower must submit to make the loss mitigation application complete . . . ." *Id.*  Section 1024.41 also provides that if the notice required under Section 1024.41(b)(2)(i)(B) does not request additional information, "the application shall be considered facially complete."

5

*Id.* § 1024.41(c)(iv). However, if a servicer later discovers additional information is needed to complete the application, it must promptly request that information from the borrower, and if the borrower completes the application within the time given, "the application shall be considered complete as of the date it was . . . actually complete for the purposes of" Section 1024.41(c). *Id.*

According to Plaintiffs, when Chase confirmed that it received their loan application, it did not state it needed additional documents from them. (*Id.* ¶¶ 20-21.) Plaintiffs also allege that they heard nothing from Chase until April 2014, when "Chase asked for updated bank statements after the modification was complete [*sic*]," and requested that Guillermo verify his partial ownership of a property in Santa Barbara. (SAC ¶¶ 22, 24-25.) Plaintiffs allege that they provided this information within the time requested by Chase and that Chase did not make a decision about their loan modification application within thirty days. The Court concludes that these facts are sufficient to allege a breach of a duty under RESPA, either by failing to notify Plaintiffs what documents were missing within five days or by failing to provide a decision within thirty days, once the application was complete.

Plaintiffs also allege that Chase violated RESPA, because it failed to transfer their loan modification application to Caliber, in violation of 12 C.F.R. 1024.38(b)(4)(i). That section requires a "transferor servicer . . . [to] timely transfer all information and documents in the possession or control of the servicer relating to a transferred mortgage loan to a transferee servicer in a form and manner that ensures the accuracy of the information and documents transferred and that enables a transferee servicer to comply with the terms of the transferee servicer's obligations to the owner or assignee of the mortgage loan and applicable law." *Id.* Plaintiffs allege that when they called Caliber after they received the Notice of Trustee sale, Caliber informed them it had no record of their loan modification application. (SAC ¶ 33; *see also id.* ¶ 35.) Taking the facts in the light most favorable to Plaintiffs, the Court concludes Plaintiffs have alleged facts to show that Chase failed to timely transfer their application to Caliber.

6

The Court shall address whether Plaintiffs have set forth sufficient facts to show they incurred actual damages as a result of these alleged breaches in Section C.3.

### 2. There Are Sufficient Facts to Show Caliber Violated a Provision of RESPA.

Plaintiffs allege that Caliber violated RESPA, because it failed to evaluate their completed loan applications within thirty days, in violation of 12 C.F.R. section 1024.41(c)(1). (SAC ¶¶ 75-76.) Plaintiffs allege that on June 16, 2014, they received a letter from Caliber confirming that their loan modification application was complete. (SAC ¶ 41.) Plaintiffs allege that on July 16, 2014, instead of receiving a determination about their application, Plaintiffs received another letter confirming that their application was complete and that a decision would be made within thirty days. (*Id.* ¶ 45.) This claim also mirrors Plaintiffs' ECOA claim against Caliber. For the reasons previously stated by the Court with regard to the ECOA claim, and for the reasons set forth above as to Chase, the Court finds that Plaintiffs have alleged sufficient facts to show that Caliber breached Section 1024.41(c)(1). (*See* March 23 Order at 16:1-26.)

Plaintiffs also allege that Caliber failed to obtain all necessary documents from Chase, in violation of 12 C.F.R. section 1038(b)(4)(ii). (SAC ¶¶ 83-86.) That section requires a "transferee servicer [to] identify necessary documents or information that may not have been transferred by a transferor service *and [to] obtain such documents from the transferor servicer.*" 12 C.F.R. § 1038(b)(4)(ii) (emphasis added). Plaintiffs allege that when they notified Caliber that they had submitted a loan modification application to Chase, Caliber asked them to submit a second application, rather than obtaining the application from Chase. The Court concludes that Plaintiffs have alleged sufficient facts to show Caliber failed to comply with the provisions of 12 C.F.R. section 1038(b)(4)(ii).

The Court shall address whether Plaintiffs have set forth sufficient facts to show they incurred actual damages as a result of these alleged breaches in the following section.

### 3. Plaintiffs Allege Actual Damages Caused by the Alleged Breaches.

Defendants also argue that Plaintiffs fail to allege actual pecuniary damages caused by the alleged breaches. Although Section 2605(f) "does not explicitly set this out as a pleading standard, a number of courts have read the statute as requiring a showing of pecuniary damages

7

1 in order to state a claim," and they have construed that requirement liberally. *Allen v. United*
2 *Fin. Mortgage Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009); *see also Lal v. American*
3 *Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010).

In their RESPA claim, Plaintiffs allege that Defendants' actions caused them to incur "more late fees," that they "lost wages from missing work while trying to stop the sale of their home," and incurred fees every time the trustee sale was postponed. (*See, e.g.,* SAC ¶¶ 74, 76, 81, 85-86.) Defendants do not seriously argue that these facts are sufficient to allege that Plaintiffs suffered pecuniary damages. Rather, Defendants argue that *they* did not cause Plaintiffs' damages and that any fees and lost wages were incurred because of Plaintiffs' default. The Court concludes that Plaintiffs have sufficiently *alleged* that the fees and lost wages they incurred were the result of the alleged RESPA violations. The issue of whether Plaintiffs can prove causation is better addressed by way of a motion for summary judgment. *See, e.g, Rothman v. U.S. Bank National Assoc.*, 2014 WL 4966907, at *5 (N.D. Cal. Oct. 3, 2014) (finding plaintiff sufficiently alleged damages based in injury to credit score, even where at least some damage was incurred as a result of plaintiff's own conduct).

**D.     Fifth Claim for Relief: Negligence.**

In their fifth claim for relief, Plaintiffs allege that Defendants were negligent in processing Plaintiffs' loan modification applications. According to Plaintiffs, Chase had a duty "to facilitate the transfer of information and documentation during the servicing transfer to Caliber," and Caliber had a duty "to ensure they had all of the necessary documents from Chase" and that both Defendants had a duty to process their loan modification application in a timely manner. (SAC ¶¶ 94-95, 98-99.) Plaintiffs also allege that, once they notified Caliber of their pending application for a loan modification, "Caliber had a duty to rescind" the Notice of Trustee Sale. (*Id.* ¶ 95.)

To state a cause of action for negligence, a plaintiff must allege that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages or injuries. *Lueras v. BAC Home Loans Servicing,*

*LP*, 221 Cal. App. 4th 49, 62 (2013).  Defendants move to dismiss, in part, on the basis that Plaintiffs fail to allege facts showing that Defendants owed them a duty.

"The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establish a claim for negligence." *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991).  The "question of the existence of a legal duty of care . . . presents a question of law which is to be determined by the courts alone." *First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 987 (9th Cir. 2000).  "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal. App. 3d at 1096.  "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Id.* (Internal citation omitted);

The issue of whether a lender owes a duty of care to a borrower in the loan modification context is unsettled.  *See, e.g., Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 901 (2013) ("*Nymark* does not support the sweeping conclusion that a lender never owes a duty of care to a borrower.").  *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 901 (2013) (internal quotations omitted).  In cases where courts have found a legal duty, the allegations showed that a defendant mishandled documents or a plaintiff otherwise alleged misconduct beyond a procedural violation of the Homeowners Bill of Rights.  *See*, *e.g.*, *Alvarez v. BAC Home Loans Servicing*, 228 Cal. App. 4th 941, 945 (2014) (the plaintiffs alleged that defendants relied on incorrect information to deny plaintiffs' applications for a loan modification); *Rijhwani v. Wells Fargo Home Mortgage, Inc.*, 2014 WL 890016, at *17 (N.D Cal. Mar. 3, 2014) (the plaintiffs alleged that the defendant tricked them into defaulting on a loan and instructed them to ignore notices, while the defendant sold their home at a foreclosure sale); *Lueras*, 221 Cal. App. 4th at 68 ("a lender does owe a duty to a borrower to not make material misrepresentations about the status of an application for a loan modification or about the date, time, or status of a foreclosure sale.").

//

9

### 1. Plaintiffs Fail to State a Negligence Claim Against Chase.

In order to determine whether Plaintiffs have alleged sufficient facts to show that Chase owed them a duty of care, the Court balances the following six factors: (1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to the plaintiff; (3) the degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury suffered; (5) the moral blame attached to the defendant's conduct; and (6) the policy of preventing future harm. *Nymark*, 231 Cal. App. 3d at 1098 (citing *Biakanja v. Irving*, 49 Cal. 2d 647, 649-50 (1958)).

The Court has considered the revisions Plaintiffs have made to the negligence claim. Having considered those allegations, the Court still finds that the facts are more similar to the facts alleged in *Lueras* and in *Stiles v. Wells Fargo Bank*, 2014 WL 7146950, at *6 (N.D. Cal. Dec. 15, 2014) than to the facts alleged in *Alvarez*, 228 Cal. App. 4th at 945 and in *Rijhwani*, 2014 WL 890016, at *17.

Plaintiffs do not allege facts that would suggest Chase mishandled any documents during the application process or that Chase lost their application. Nor do they allege facts to show Chase made any material misrepresentations about what it did with their application. Moreover, for the reasons set forth in its March 23 Order, when the Court applies the *Biakanja* factors to the facts in this case, the Court finds that Plaintiffs still do not allege facts sufficient to show that Chase owed them a duty. (March 23 Order at 11:3-23.)

### 2. Plaintiffs Fail to State a Claim Against Caliber.

The Court also has considered Plaintiffs' revised allegations against Caliber, and like their allegations against Chase, Plaintiffs do not allege facts sufficient to show that Caliber was acting outside the scope of its conventional role as a lender of money. In addition, for the reasons set forth in its March 23 Order, when the Court applies the *Biakanja* factors to the facts in this case, the Court finds that Plaintiffs do not allege facts sufficient to show that Caliber owed them a duty. (*Id.* at 13:15-14:4.)

Accordingly, the Court GRANTS Defendants' motion to dismiss the negligence claim. Because Plaintiffs have had two prior opportunities to amend this claim, the Court concludes

1 that any further attempts would be futile. Accordingly, the Court dismisses that claim without
2 leave to amend.

### E. Sixth Cause of Action: The UCL Claim.

In their sixth claim for relief, Plaintiffs allege that Chase and Caliber violated the unfair and unlawful prongs of the UCL. The UCL prohibits any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Since section 17200 is [written] in the disjunctive, it establishes three separate types of unfair competition. The statute prohibits practices that are either 'unfair' or 'unlawful,' or 'fraudulent.'" *Pastoria v. Nationwide Ins.*, 112 Cal. App. 4th 1490, 1496 (2003). To state a claim for unfair competition, a "plaintiff must establish that the practice is either unlawful (i.e., is forbidden by law), unfair (i.e., harm to victim outweighs any benefit) or fraudulent (i.e., is likely to deceive members of the public)." *Albillo v. Intermodal Container Servs., Inc.*, 114 Cal. App. 4th 190, 206 (2003).

Defendants argue that Plaintiffs lack standing under the UCL, because they have not alleged that they lost any money or property as a result of the allegedly unfair and unlawful business practices. In order to have standing under the UCL, a plaintiff must show that he or she has "suffered injury in fact and [] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. This provision requires a plaintiff to sufficiently allege: (1) he or she has "lost 'money or property' sufficient to constitute an 'injury in fact' under Article III of the Constitution" and (2) there is a "causal connection" between the defendant's alleged UCL violation and the plaintiff's injury in fact. *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203-04 (9th Cir. 2010) (citations omitted). For the reasons set forth above in regard to Plaintiffs' RESPA claim, the Court concludes that Plaintiffs have *alleged* facts that are sufficient to show they have standing to bring a UCL claim against Defendants.

Plaintiffs' UCL claim is premised, in part, on allegations that Chase and Caliber engaged in unlawful conduct. The "unlawful" prong proscribes "anything that can be properly called a business practice and that at the same time is forbidden by law." *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 717-18 (2001) (internal quotations omitted). To state a claim based on the unlawful prong, Plaintiffs must allege that Chase's and Caliber's practices

11

United States District Court
For the Northern District of California

are "forbidden by law, be it civil, criminal, federal, state, or municipal, statutory, regulatory, or court made." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838-39 (1994).

The Court has found that Plaintiffs state a claim for alleged violations of Section 2923.6 and RESPA. Accordingly, they have alleged facts sufficient to state a claim under the unlawful prong of the UCL. Because the Court concludes that Plaintiffs state a claim under the unlawful prong, the Court does not decide whether Plaintiffs also state a claim under the unfair prong.

## CONCLUSION

For the foregoing reasons, the Court GRANTS, IN PART, AND DENIES, IN PART, Defendants' motions to dismiss. The parties shall appear for a case management conference on September 4, 2015, and the parties' joint case management statement shall be due on August 28, 2015.

**IT IS SO ORDERED.**

Dated: July 29, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE